IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA NICOLE BOGARD, NEXT OF FRIEND FOR JCM, ABM, SJP, PALP MINOR CHILDREN; AND LEONARDO DANIEL PEREZ-HERNANDEZ, | § § § § | SA-21-CV-00021-FB |
| *Plaintiffs,* | § § § | |
| vs. | § § | |
| ROBERT J. FALKENBERG, JUDGE PRESIDING; CATHY MORRIS, 1ST JUDGE PRESIDING OVER CASE; JOHN STUART LOHMEYER, CHAD MOBLEY'S ATTORNEY-FATHER OF JCM, ABM; ALLEN K. LOWEII, ATTORNEY FOR THE PETITONER, DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; KATHLEEN MURRAY, GUARDIAN AD LITEM-ATTORNEY FOR CHILD/REN; LISA GREENWALT, COURT REPORTER; CINDY FOWLER, DISTRICT COURT CLERK; MOLLY DANIEL, CPS SUPERVISOR; ANDI HEARN, CASA SUPERVISOR; SHANNON WALKER, KRISTY KNOPP, 1ST CASEWORKER, MEDINA COUNTY; CHRISTINA BURICIAGA, DFPS INVESTIGATOR, MEDINA COUNTY; GUADALUPE H. OLIVAREZ, STEPHANIE SULLIVAN KIRKPATRICK, KANDY L. BENAVIDES, DEVINE POLICE DEPARTMENT; EZEKIEL PEREZ, DEVINE POLICE DEPARTMENT; KEN PAXTON,  STATE OF TEXAS,  TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiffs' *pro se* Application to

Proceed in District Court without Prepaying Fees or Costs and proposed civil Complaint, filed

1

January 11, 2021 [#1]. The motion was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By their motion, Plaintiffs Rebecca Nicole Bogard and Leonardo Daniel Perez-Hernandez seek leave to proceed in forma pauperis ("IFP") based on the inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiffs, the Court will grant the motion to proceed IFP but order Plaintiffs to file a more definite statement before ordering service on Defendants.

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiffs' motion to proceed IFP includes their income and asset information, which indicates that Bogard receives $145 every two weeks in child support but is unemployed and has no other source of income. Perez-Hernandez has recently begun employment at a tire shop but has not received his first paycheck. The information demonstrates that Plaintiffs do not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). This case arises out of a family law dispute related to the removal of Plaintiffs' minor children and their placement in foster care. Plaintiffs' Proposed Complaint sues the Texas Department of Family and Protective Services ("DFPS") and various individual investigators and caseworkers employed by DFPS, as well as several judges, attorneys, court reporters, and court clerks involved in the state court case resulting in the removal of Plaintiffs' children. Plaintiffs also sue officers with the Devine Police Department and Ken Paxton, the Attorney General of Texas.

Plaintiffs allege that Defendants abused their power by removing their children from their custody, subjecting them to abuse in foster care, and vaccinating the children without their permission. By this lawsuit, Plaintiffs seek $35 million in damages and the return of their children. Plaintiffs have filed a separate Motion for an Ex-Parte Preliminary Injunction [#2], requesting the return of the children.

Bogard filed an almost identical lawsuit against DFPS last year, challenging the removal of her children and their vaccination against her will. *See Bogard v. Blackstone*, 5:20-cv-00080-XR. In that case, Bogard moved for IFP status, which was granted; her Complaint was docketed and served on DFPS; DFPS moved for dismissal based on its Eleventh Amendment immunity; and the case was dismissed for lack of jurisdiction. The Court has jurisdictional concerns regarding this case as well. It is likely that DFPS and those individuals sued in their official capacities as investigators and caseworkers of DFPS are immune under the Eleventh Amendment. The state court judges presiding over the custody case underlying this suit likely

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

enjoy judicial immunity.  And the *Rooker-Feldman* doctrine may bar the Court from exercising jurisdiction over the subject of this family law matter in its entirety.  Therefore, before ordering service of Plaintiff's proposed Complaint on Defendants, the Court will require Plaintiffs to file a more definite statement within 21 days of this Order.  Plaintiffs' motion for a preliminary injunction will remain pending while the Court evaluates its jurisdiction over this lawsuit.

**IT IS THEREFORE ORDERED** that Plaintiffs' *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Complaint [#1-1] shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiffs. However, <u>service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order (on or before February 11, 2021**), Plaintiffs shall file a **More Definite Statement** of the claims they seek to present to this Court.  In this More Definite Statement, Plaintiffs should respond to the following questions:

(1)  Please list each individual Defendant you are suing and specify whether he or she is being sued for acts performed as part of official duties for DFPS (or another employer) or for acts performed as an individual.

(2)  For each Defendant, please briefly describe the specific actions that the Defendant did to harm you or your children.  Please provide separate answers for each Defendant and explain his or her specific involvement in the removal of your children.

(3) Please explain why you believe you did not receive fair process before your children were removed from your custody.

**Plaintiffs shall attach to his more definite statement any state court documents or orders pertaining to the removal of their children and include the following declaration at the end of their more definite statement**:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2020.
>
> _____
>
> Signatures of Plaintiffs

If Plaintiffs fail to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiffs do not wish to file a more definite statement, they may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 21st day of January, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE