IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA NICOLE BOGARD, NEXT OF FRIEND FOR JCM, ABM, SJP, PALP MINOR CHILDREN; AND LEONARDO DANIEL PEREZ-HERNANDEZ, | § § § § | SA-21-CV-00021-FB |
| *Plaintiffs,* | § § § | |
| vs. | § § | |
| ROBERT J. FALKENBERG, JUDGE PRESIDING; CATHY MORRIS, 1ST JUDGE PRESIDING OVER CASE; JOHN STUART LOHMEYER, CHAD MOBLEY'S ATTORNEY-FATHER OF JCM, ABM; ALLEN K. LOWE II, ATTORNEY FOR THE PETITONER, DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; KATHLEEN MURRAY, GUARDIAN AD LITEM-ATTORNEY FOR CHILD/REN; LISA GREENWALT, COURT REPORTER; CINDY FOWLER, DISTRICT COURT CLERK; MOLLY DANIEL, CPS SUPERVISOR; ANDI HEARN, CASA SUPERVISOR; SHANNON WALKER, KRISTY KNOPP, 1ST CASEWORKER, MEDINA COUNTY; CHRISTINA BURICIAGA, DFPS INVESTIGATOR, MEDINA COUNTY; GUADALUPE H. OLIVAREZ, STEPHANIE SULLIVAN KIRKPATRICK, KANDY L. BENAVIDES, DEVINE POLICE DEPARTMENT; EZEKIEL PEREZ, DEVINE POLICE DEPARTMENT; KEN PAXTON,  STATE OF TEXAS,  TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation and Order concerns the review of the pleadings pursuant to 28 U.S.C. § 1915(e). All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Rules CV-72 and 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned has the authority to order service of Plaintiffs' Complaint pursuant to 28 U.S.C. § 636(b)(1)(A).

For the reasons set forth below, it is recommended that Defendants Falkenberg, Morris, Paxton, Remmers, Moore, Lohmeyer, Greenwalt, Hearn, Walker, the State of Texas, and the Texas Department of Family and Protective Services be **DISMISSED** from this lawsuit for lack of jurisdiction or for failure to state a claim upon which relief can be granted.

The undersigned will allow Plaintiffs' Complaint to be served on the remaining Defendants (Burciaga, Daniel, Oliverez, Kirkpatrick, Knopps, Benavides, Perez, Murray, Lowe, and Fowler). The undersigned will also order Plaintiffs to submit requests for summonses as to these Defendants and, upon issuance of summonses, for the United States Marshal's Service to effectuate service of Plaintiffs' Complaint as requested.

## I. Background

Plaintiffs Rebecca Nicole Bogard and Leonardo Daniel Perez-Hernandez filed this action, proceeding *pro se*, on January 11, 2021, requesting permission to proceed *in forma pauperis* ("IFP") due to their indigency. This case arises out of a family law dispute related to the removal of Plaintiffs' minor children from Plaintiffs' custody and their placement in foster care.

Plaintiffs' Proposed Complaint sues the State of Texas and the Texas Department of Family and Protective Services ("DFPS") and various individual investigators and caseworkers employed by DFPS, as well as several judges, attorneys, and other individuals involved in the

state court case resulting in the removal of Plaintiffs' children. Plaintiffs also sue officers with the Devine Police Department and Ken Paxton, the Attorney General of Texas.

Plaintiffs allege that Defendants abused their power by removing their children from their custody, subjecting the children to abuse in foster care, and vaccinating the children without their permission. By this lawsuit, Plaintiffs seek $35 million in damages and the return of their children. Plaintiffs have filed a separate Motion for an Ex-Parte Preliminary Injunction [#2], requesting the return of the children. Plaintiffs' Complaint references numerous federal statutes, including 42 U.S.C. § 1983.

On January 21, 2021, the undersigned granted Plaintiffs' motion to proceed *in forma pauperis* but ordered that Plaintiffs file a more definite statement to clarify some identified deficiencies in their proposed Complaint on or before February 11, 2021. (Order [#4].) The undersigned ordered that Plaintiffs' Complaint be filed but that service be withheld pending the Court's review of the more definite statement.

The Court's Order stated that there were likely jurisdictional issues, such as Eleventh Amendment immunity and the *Rooker-Feldman* doctrine,[1] that would bar this Court from exercising jurisdiction over all named Defendants and this family law matter in its entirety. The Order listed specific questions to be answered by Plaintiffs with respect to their claims and directed Plaintiffs to list each Defendant and to describe the specific actions he or she or it did to cause Plaintiffs legal injury. The Court warned Plaintiffs that the failure to file a more definite

---

[1] Bogard filed an almost identical lawsuit against DFPS last year, challenging the removal of her children and their vaccination against her will. *See Bogard v. Blackstone*, 5:20-cv-00080-XR. In that case, Bogard moved for IFP status, which was granted; her Complaint was docketed and served on DFPS; DFPS moved for dismissal based on its Eleventh Amendment immunity; and the case was dismissed for lack of jurisdiction.

statement could result in the dismissal of their case for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Plaintiffs filed a document on January 25, 2021, titled "Bill of Complaint in Equity Presentment to Void Proceedings and Jurisdiction" [#6]. The document is what appears to be a brief filed in a separate lawsuit and discusses a trust and the estate of a minor. The document does not answer any of the specified questions in the Court's Order for a more definite statement and does not appear to address the specific issues raised in this lawsuit.

Thereafter, Plaintiffs filed a motion for extension of time to file a response to the Court's Order for a more definite statement, along with a belated response [#8]. The Court granted Plaintiffs' motion for leave and indicated that it would consider the untimely response in evaluating Plaintiffs' pleadings under Section 1915(e). This filing clarifies some aspects of Plaintiffs' factual allegations and lists the majority of Defendants and their alleged wrongful acts as directed by the Court. The Court construes this filing as Plaintiffs' More Definite Statement.[2]

Plaintiffs' More Definite Statement indicates that they are suing Defendants for the deprivation of their right to the care and custody of their children. (More Definite Statement [#8] at 8.) Plaintiffs allege that their children were taken from them without notice or a hearing and without due process of law in violation of the Constitution and the Texas Family Code. (*Id.* at 8, 12–13.) According to Plaintiffs, they have requested visits with their children, but these requests have been denied. (*Id.* at 9.) Plaintiffs further contend that, although their parental rights have

---

[2] Plaintiffs also submitted to the Court a USB containing various documents, photographs, and other evidence in support of their claims. The Court has reviewed these documents but does not find that they have any bearing on the threshold jurisdictional issues before the Court. These filings may bear ultimately on the merits of Plaintiffs' claims and be relevant at a later stage in the proceedings.

not been legally terminated, DFPS is offering the children for adoption and hiding the children from Plaintiffs.  (*Id.* at 11.)

The More Definite Statement provides a chronology of the events leading up to the removal of two of Plaintiffs' children (four-week-old and one-year-old babies) by DFPS and officers of the Devine Police Department in July 2019 and their placement in foster care.  (*Id.* at 13–14.)  Plaintiffs allege they have only been afforded one visit with the babies since their removal and, during that visit, observed signs of abuse and neglect in the foster care placement. (*Id.* at 15.)  Plaintiffs state that they have not seen the babies since July 27, 2019, and have been denied the right to visit them in foster care because of their refusal to comply with certain demands by DFPS to agree to receive certain DFPS services.  (*Id.* at 15, 17.)  Plaintiffs also complain that the babies were vaccinated against Plaintiffs' will.  (*Id.* at 17.)  Finally, the More Definite Statement references the placement of two older daughters of Plaintiffs in foster care. (*Id.* at 18.)

Although Plaintiffs complain that there was not a hearing regarding the removal of their children, the More Definite Statement does reference two hearings, one on August 13, 2019, and another on August 27, 2019.  (*Id.* at 16–17.)  Plaintiffs complain that the hearings were not held in accordance with the requirements of the Constitution and Texas law and involved fabricated evidence regarding Plaintiffs' drug use.  (*Id.*)

The More Definite Statement contains factual allegations as to many of the named Defendants.  The Court lists these allegations herein.

<u>Defendant Christiana Burciaga</u>:  Defendant Burciaga is a DFPS investigator sued in her individual and official capacities for conspiracy to deprive Plaintiffs of their rights of custody and care of their children.  Plaintiffs claim Burciaga did not conduct a thorough investigation,

misled law enforcement to believe there was an emergency, perjured herself to the police by stating she had a court order when she had not yet obtained one, and orchestrated the physical removal of the babies, directing the Devine police officers to threaten Plaintiffs with arrest if they failed to comply.  (*Id.* at 19–20.)

Defendant Molly Daniel:  Defendant Daniel is a DFPS supervisor sued in her individual and official capacities for conspiring with Burciaga and other Defendants to deprive Plaintiffs of their right to the custody of their children.  Plaintiffs allege Daniel fabricated evidence, made the decision to take away Plaintiffs' right to visitation with their children, and was also involved with securing law enforcement involvement in the babies' removal.  (*Id.* at 17, 20–21.)

Defendant Guadalupe H. Oliverez:  Defendant Oliverez is a DFPS special investigator sue in his individual and official capacities as conspiring with Burciaga, Daniel, and others as to the removal of Plaintiffs' children.  (*Id.* at 22–23.)

Defendant Stephanie Kirkpatrick:  Defendant Kirkpatrick is a DFPS caseworker sued in her individual and official capacity.  There are no factual allegations listed for Kirkpatrick, but the Court construes Plaintiffs' pleadings as including her as one of the DFPS conspirators.  (*Id.* at 23.)

Defendant Kristy Knopps:  Defendant Knopps is a DFPS special investigator sued in her individual and official capacities as conspiring to remove Plaintiffs' children.  (*Id.* at 24–25.)

Defendant Kandy Benavides:  Defendant Benavides is the Chief of Police of the Devine Police Department sued in her individual and official capacities.  Plaintiffs allege that Benavides took their children without court order and threatened Plaintiffs with arrest without probable cause or a warrant.  (*Id.* at 25.)

Defendant Ezekiel Perez:  Defendant Perez is an officer with the Devine Police Department sued in his individual and official capacities also for threatening arrest and unlawfully removing Plaintiffs' children.  (*Id.* at 26.)

Defendant Cindy Fowler:  Defendant Fowler is the District Court Clerk of Medina County, Texas.  She is sued in her individual and official capacities for filing and signing fraudulent documents, rubber stamping documents, and destroying filed documents.  (*Id.* at 26.)

Defendant Douglas Moore:  Defendant Moore is a bailiff at the Medina County Courthouse sued in his individual and official capacities for excessive force, assault, abuse of power, and false imprisonment.[3]  (*Id.* at 26.)  There are no specific allegations regarding this alleged assault in the More Definite Statement.

Defendant Heather Remmers:  Defendant Remmers is a "Kinship Care" provider, sued in her individual and official capacities.[4]  Plaintiffs allege Remmers made false statements to coworkers and neglected and abused Plaintiffs' children while they were in her care.  (*Id.* at 27.)

Defendant Allen K. Lowe, II:  Defendant Lowe is the attorney for DFPS and is sued in his individual and official capacities for conspiring to deprive Plaintiffs of their rights to the custody of their children.  Plaintiffs allege Lowe falsified documents, lied under oath, and committed a fraud on the court.  (*Id.* at 28.)

Defendant Kathleen Murray:  Defendant Murray is a guardian ad litem appointed to represent the interests of Plaintiffs' children and is sued in her individual and official capacities for conspiracy to deprive Plaintiffs of their children.  Plaintiffs also accuse Murray of approving the vaccinations of Plaintiffs' babies against Plaintiffs' will.  (*Id.* at 29–30.)

---

[3] Moore is not referenced in Plaintiffs' Original Complaint but is listed in the More Definite Statement as a Defendant.

[4] Remmers is also not referenced in Plaintiffs' Original Complaint but is listed in the More Definite Statement as a Defendant.

7

Defendant Ken Paxton:  Defendant Paxton is the Attorney General of the State of Texas and is sued in his individual and official capacities for abuse of power, bribery, and involvement in the conspiracy to deprive Plaintiffs of their children.  (*Id.* at 30–31.)  There are no specific factual allegations involving Paxton, just general allegations that he violated the law.

Defendant Cathy Morris:  Defendant Morris is the first administrative judge presiding over the custody proceedings regarding Plaintiffs' children and is also sued in her individual and official capacities.  Plaintiffs accuse her of breaching her judicial duty, failing to protect Plaintiffs' constitutional rights, and allowing DFPS caseworkers to commit perjury upon the court.  (*Id.* at 11, 32–33.)

Defendant Robert J. Falkenberg:  Defendant Falkenberg is the second administrative judge presiding over the custody proceedings regarding Plaintiffs' children, sued in his individual and official capacities.  Plaintiffs assert the same allegations against Falkenberg as they do against Morris.  (*Id.* at 11, 33–34.)

There are several additional individuals named as Defendants in this case that are not referenced in Plaintiffs' More Definite Statement—John Stuart Lohmeyer, Lisa Greenwalt, Andi Hearn, and Shannon Walker.  Plaintiffs also name the Texas Department of Family and Protective Services ("DFPS") and the State of Texas as Defendants.

## II. Analysis

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in law or in fact."  *Biliski v. Harborth*, 55 F.3d

160, 162 (5th Cir. 1995).  A complaint lacks an arguable basis in law if it is based on "an indisputably meritless legal theory."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).  A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they "rise to the level of the irrational or the wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous."  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  A claim should be dismissed for failure to state a claim upon which relief may be granted where a plaintiff's allegations fail to plead factual content that would allow a court to conclude that defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

This case appears to challenge the outcome of a state-court proceeding regarding a custody dispute.  Plaintiffs' lawsuit may be barred by the *Rooker-Feldman* doctrine.  Under the *Rooker-Feldman* doctrine, an individual may not file a civil rights suit in federal court to collaterally attack a state civil judgment.  *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).  The *Rooker-Feldman* doctrine establishes that a federal court lacks subject matter jurisdiction when issues in federal court are "inextricably intertwined" with a final state court judgment.  *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995).

However, "*Rooker-Feldman* does not bar a federal lawsuit simply because it challenges the state court's legal conclusions or alleges that the parties misled the state court." *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x 426, 429 (5th Cir. 2014).  Additionally, "[a] federal lawsuit is not barred if the alleged injuries were caused by the

defendants' actions rather than by the state court judgment, even if the defendants' actions led to the state court judgment." *Id.* Where a plaintiff is not seeking review or rejection of the state court's custody order but the actions taken by defendants before the state court entered any orders, *Rooker-Feldman* does not apply. *Id.* For this reason, the Fifth Circuit has held that a lawsuit challenging the initial non-judicial seizure of a minor child and other events associated with that seizure—in that case an allegedly unnecessary sexual assault exam performed on the child—was not barred by the *Rooker-Feldman* doctrine. *Id.*

Like the allegations in *Saloom*, this case involves accusations of wrongdoing related to the seizure of Plaintiffs' children by DFPS prior to any court hearings or the issuance of any custody orders. The Court will therefore allow Plaintiffs' Complaint to be served on some of the Defendants named in this case. There are certain Defendants, however, that should be dismissed from this suit prior to service.

**A.    Judicial immunity bars Plaintiffs' claims against Judges Morris and Falkenberg.**

Defendants Morris and Falkenberg are the administrative law judges presiding over various hearings related to the custody of Plaintiffs' minor children. Plaintiffs allege that these judges breached their duties and allowed DFPS caseworkers to commit perjury upon the court. Judges enjoy judicial immunity from suit as to those acts taken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Administrative law judges enjoy this same absolute immunity even though they are considered to be a part of the Executive Branch of government. *Butz v. Economou*, 438 U.S. 478, 513–14 (1978). Judicial immunity is not overcome by allegations of bad faith or malice and "applies even when the judge is accused of acting maliciously and corruptly." *Mireles*, 502 U.S. at 11. The only exceptions to this absolute immunity are where a judge takes actions in a nonjudicial capacity or when a judge takes action "in the complete

absence of all jurisdiction." *Id.* at 11–12. Plaintiffs have not alleged either. Accordingly, Morris and Falkenberg should be dismissed from this suit and should not be served with Plaintiffs' Complaint.

**B.     The Eleventh Amendment bars Plaintiffs' claims against the State of Texas, DFPS, and Attorney General Paxton.**

The Eleventh Amendment generally bars private suits against nonconsenting states in federal court. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."). "The Supreme Court has recognized that sovereign immunity also prohibits suits against state officials or agencies that are effectively suits against a state." *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

However, the Supreme Court has recognized an exception to Eleventh Amendment sovereign immunity, where a party brings a suit "for injunctive or declaratory relief against individual state officials acting in violation of federal law." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123 (1908)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry' into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *In Verizon Md. Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997).

Through this lawsuit, Plaintiffs seek the immediate return of their children and $35 million in damages. (Compl. [#5] at 5.) Although Plaintiffs' claims for damages are barred by the Eleventh Amendment, their claims for the prospective relief of the return of their children to

their custody satisfies this straightforward inquiry. The question remains, however, as to which State Defendants Plaintiffs may sue for prospective injunctive relief.

Plaintiffs' primary causes of action in their Complaint appear to arise under Section 1983, the federal civil rights statute imposing liability on "every person" who under color of law deprives another person of his or her civil rights. *See* 42 U.S.C. § 1983. The State of Texas itself is not amenable to any suit under Section 1983, for damages or for injunctive relief, as the Supreme Court has held that it is not a person for purposes of Section 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65 (1989). The same is true for DFPS as an agency; it is not a person within the meaning of Section 1983. *Id.* at 71. Accordingly, both the State of Texas and DFPS as an entity Defendant should be dismissed from this suit.

However, under the principles in *Ex parte Young*, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1995)). But not all state officials sued in their official capacities can be sued in every instance under Section 1983 for prospective injunctive relief under *Ex parte Young*.

"For the exception to apply, the state official, 'by virtue of his office,' must have 'some connection with the enforcement of the [challenged] act, or else [the suit] is merely making him a party as a representative of the state, and thereby attempting to make the state a party.'" *Paxton*, 943 F.3d at 997 (quoting *Young*, 209 U.S. at 157). In other words, where a state actor is not statutorily tasked with enforcement of the issues underlying the suit, the defendant is not a proper defendant under the *Ex parte Young* exception to Eleventh Amendment immunity. *Id.* at 998; *see also Morris v. Livingston*, 739 F.3d 740, 745–46 (5th Cir. 2014) (Governor of Texas

was not responsible for the enforcement of statute requiring inmates to pay a health care services fee for visits to health care provider and was therefore improper defendant and immune from suit seeking prospective injunctive relief).

Plaintiffs sue numerous DFPS employees in their official capacities (as well as individual capacities). Plaintiffs also sue Texas Attorney General Kenneth Paxton. Plaintiffs have not alleged any facts that suggest Attorney General Paxton has the requisite connection to the requested injunctive relief or is tasked with enforcement of the issues underlying this suit such that he is an appropriate Defendant under *Ex parte Young*. Plaintiffs' claims against Paxton are therefore barred by the Eleventh Amendment, and he should also be dismissed from this action.

**C.      Plaintiffs' Complaint may be served on the DFPS supervisors and caseworkers.**

Plaintiffs sue a number of DFPS supervisors and caseworkers of conspiring to remove their children without authority (Defendants Christiana Burciaga, Molly Daniel, Guadalupe H. Oliverez, Stephanie Kirkpatrick, and Kristy Knopps). Plaintiffs' Complaint should be served on the various individual DFPS supervisors and caseworkers named in their official capacities. These Defendants could potentially be the state officials responsible for the enforcement of any court order directing the return of Plaintiffs' children to their care and custody.

**D.      Defendants Kandy Benavides and Eziekel Perez of the Devine Police Department may be served with Plaintiffs' Complaint.**

Plaintiffs' Complaint should be served on Police Chief Benavides and Officer Perez because they are local, not State, officials. The Supreme Court has long recognized that municipalities and other local governmental bodies are "persons" within the meaning of Section 1983. *Monell v. N.Y. City Dep't of Social Servs.*, 436 U.S. 658, 689 (1978). Although there may be other legal hurdles to succeeding on their claims against these two Defendants, Plaintiffs

should be able to at least serve these employees of the Devine Police Department for the seizure of their children without a court order or other legal basis for doing so.

### E.  Defendant Cindy Fowler may be served with Plaintiffs' Complaint.

Defendant Cindy Fowler is the County Clerk for the Medina County Courthouse.  She is therefore a local official and by extension a state actor under Section 1983.  *See id.*  The Fifth Circuit has extended the doctrine of judicial immunity to clerks of court.  *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001).  Clerks of court, however, have a "narrower ambit of immunity than judges and prosecutors."  *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981).  They "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages."  *Id.*  A court clerk performing routine tasks not explicitly commanded by a court decree or by the judge's instructions is only entitled to qualified immunity from suits brought pursuant to Section 1983.  *Clay*, 242 F.3d at 682.

Plaintiffs allege that Fowler signed fraudulent documents and destroyed documents.  It is unclear whether these alleged unlawful acts were performed at the direction of a judge and would therefore be cloaked in absolute judicial immunity or were discretionary acts subject to lesser protection.  The Court will permit service of Plaintiffs' Complaint on Defendant Fowler.

### F.  Plaintiffs fail to state a claim against Defendant Douglas Moore.

Plaintiffs accuse Defendant Douglas Moore, a bailiff at the Medina County Courthouse, of assaulting her during Plaintiffs' arrest at the courthouse and subjecting her to excessive force. The bailiff is a municipal employee who can be a state actor for purposes of a claim of excessive force under Section 1983.  But Plaintiffs do not provide *any* details about this alleged assault and incident, aside from asserting that it occurred, despite being given the opportunity to file a more

definite statement.  (*See* More Definite Statement [#8] at 17 ("During the arrest Ms. Bogard was assaulted by the bailiff Douglas Moore."))  Plaintiffs have therefore failed to plead factual content that would allow a court to conclude that Moore is liable for the misconduct alleged.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.  Plaintiffs' claims against Defendant Douglas Moore should be dismissed for failure to state a claim.

### G.     Defendant Remmers is not a state actor.

Plaintiffs accuse Defendant Heather Remmers of neglecting and abusing her children while they were in her foster care.  Although the Fifth Circuit has not addressed the issue, several circuit courts of appeals have held that foster parents are not state actors for purposes of Section 1983.  *See Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001); *Milburn v. Anne Arundel County Dep't of Soc. Servs.*, 871 F.2d 474, 479 (4th Cir. 1989).  These courts have reasoned that the mere fact that foster parents enter into contracts with the State and are subject to certain State regulations does not transform these private parties into state actors.  There are no allegations in Plaintiffs' pleadings that the State of Texas or DFPS knew of this alleged abuse and were colluded with the foster parents to cover up that abuse, such that this Court should find otherwise.  *See Howard v. Malac*, 270 F. Supp. 2d 132, 142–46 (D. Mass. 2003) (applying entwinement test to evaluate state's involvement in challenged conduct at issue).  Nor do Plaintiffs assert any allegations that Remmers was involved in the alleged conspiracy to remove their children without due process of law.  Remmers is a private party who is not amenable to suit under Section 1983 and therefore should be dismissed from this suit.

### H.     Plaintiffs' Complaint should be served on Defendant Lowe.

Plaintiffs accuse DFPS's attorney, Defendant Allen K. Lowe, II, of conspiring with DFPS to deprive Plaintiffs of the custody of their children by lying under oath, falsifying documents,

and committing fraud on the court. Attorney immunity is a defense available under Texas law protecting attorneys from liability to non-clients, "stemming from the broad declaration . . . that attorneys are authorized to practice their profession, to advise their clients and interpose any defense or supported defense, without making themselves liable for damages." *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015) (internal quotation and citations omitted). So long as the actions at issue qualify as the "kind of conduct in which an attorney engages when discharging his duties to his client," i.e., involves the provision of legal services, then an attorney enjoys this immunity. *Id.* at 482 (internal quotation and citations omitted). This is an immunity from suit, not just liability. *Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 346 (5th Cir. 2016). But Plaintiffs sue Lowe in federal court under federal law, so the Texas doctrine of attorney immunity is likely inapplicable in this context.

Additionally, although Lowe is not a state actor, private parties can be sued for conspiring with state actors pursuant to 42 U.S.C. § 1983, so long as the private actor "is a willful participant in joint activity with the State or its agents." *See Phillips v. Vandygriff*, 711 F.2d 1217, 1225–26 (5th Cir. 1983) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). "'The involvement of a state official in such a conspiracy plainly provides the state action essential' to a section 1983 claim." *Id.* at 1225 (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)).

Plaintiffs allege that Lowe conspired with DFPS agents to deprive them of their constitutional right to the custody and care of their children. Plaintiffs may serve their Complaint on Defendant Lowe.

**I.     Defendant Murray should be served with Plaintiffs' Complaint.**

Plaintiffs accuse Defendant Kathleen Murray, the guardian ad litem appointed to represent the interests of Plaintiffs' children of conspiring with DFPS and its employees to deprive Plaintiffs of their children and of approving the children's vaccinations against Plaintiffs' will. Guardians ad litems, though state-appointed, are not state actors so cannot generally be subject to liability under Section 1983. *See Hall v. Dixon*, CIV A. H 09-2611, 2010 WL 3909515, at *40–41 (S.D. Tex. Sept. 30, 2010) (collecting cases). *See also Johnson ex rel. Wilson v. Dowd*, 305 Fed. App'x 221, 224 (5th Cir. 2008) (affirming district court's decision that guardian was not state actor when she only participated in court proceedings, complied with court orders, and acted within her discretion as guardian to continue housing plaintiff in assisted living facility).

However, as previously noted, private actors can face liability for conspiring with state actors under Section 1983. Plaintiffs allege that Murray was a member of the DFPS conspiracy. Defendant Murray should therefore be served with Plaintiffs' Complaint.

**J.     The Court should dismiss the Defendants who were not included in Plaintiffs' More Definite Statement.**

There are several Defendants named in Plaintiffs' Complaint that are not referenced in Plaintiffs' More Definite Statement—John Stuart Lohmeyer, Lisa Greenwalt, Andi Hearn, and Shannon Walker. These Defendants should not be served with Plaintiffs' Complaint. The undersigned's Order for a More Definite Statement directed Plaintiffs to list each individual Defendant they are suing and to describe the specific actions that each Defendant did to harm Plaintiffs or their children. Plaintiffs did not include Lohmeyer, Greenwalt, Hearn, and Walker in their response to the Court's Order.

The undersigned is therefore unable to review Plaintiffs' pleadings as to these Defendants as part of the screening process under 28 U.S.C. § 1915(e).  Because Plaintiffs failed to describe their factual allegations against these Defendants as ordered by the Court, these Defendants should be dismissed for failure to prosecute and for failure to state a claim upon which relief can be granted.

## II.  Conclusion and Recommendation

Having considered Plaintiffs' Complaint and additional filings, as well as the record in this case, the undersigned recommends that the following Defendants be dismissed from this suit under Section 1915(e): Defendants Falkenberg, Morris, Paxton, Remmers, Moore, Lohmeyer, Greenwalt, Hearn, Walker, the State of Texas, and the Texas Department of Family and Protective Services.

The Court will permit Plaintiffs' Complaint to be served on the remaining Defendants (Burciaga, Daniel, Oliverez, Kirkpatrick, Knopps, Benavides, Perez, Murray, Lowe, and Fowler).

**IT IS THEREFORE ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshal Service Form 285, including fully complete addresses, for each of these Defendants (Burciaga, Daniel, Oliverez, Kirkpatrick, Knopps, Benavides, Perez,  Murray, Lowe, and Fowler) and the United States Marshal's Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as

a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 16th day of March, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE