IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| REBECCA NICOLE BOGARD, NEXT OF FRIEND FOR JCM, ABM, SJP, PALP MINOR CHILDREN; AND LEONARDO DANIEL PEREZ-HERNANDEZ, | § § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § | SA-21-CV-00021-FB |
| ALLEN K. LOWE II, ATTORNEY FOR THE PETITONER, DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES; KATHLEEN MURRAY, GUARDIAN AD LITEM-ATTORNEY FOR CHILD/REN; CINDY FOWLER, DISTRICT COURT CLERK; MOLLY DANIEL, CPS SUPERVISOR; KRISTY KNOPP, 1ST CASEWORKER, MEDINA COUNTY; CHRISTINA BURICIAGA, DFPS INVESTIGATOR, MEDINA COUNTY; GUADALUPE H. OLIVAREZ, STEPHANIE SULLIVAN KIRKPATRICK, KANDY L. BENAVIDES, DEVINE POLICE DEPARTMENT; AND EZEKIEL PEREZ, DEVINE POLICE DEPARTMENT, | § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns three motions filed by Plaintiffs: Plaintiffs' Motion for a Preliminary and Permanent Injunction [#2], Plaintiffs' Motion of Judicial Notice [#28], Plaintiffs' Notice for Writ of Attachment and Visitation [#36], and the four motions to dismiss filed by: Defendant Kathleen Murray [#19]; Defendant Cindy Fowler [#20]; Defendants Kandy Benavides and Ezekiel Perez [#23]; and Defendants Christina Burciaga, Molly Daniel, Guadalupe H. Olivarez, Stephanie Kirkpatrick, Kristy Knopps, and Allen K. Lowe  [#26].

All dispositive pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#29].   The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).   In evaluating the merits of Defendants' motions, the undersigned has also considered the Plaintiffs' Responses [#22, #27].   For the reasons set forth below, it is recommended that Defendants' motions to dismiss [#19, #20, #23, #26] be **GRANTED** and Plaintiffs' motions [#2, #28, #36] be **DISMISSED as MOOT**.

## I. Background

This case arises out of a family law dispute related to the removal of Plaintiffs' minor children and their placement in foster care.   Plaintiffs Rebecca Nicole Bogard and Leonardo Daniel Perez-Hernandez allege violations of their Fourth Amendment right against unreasonable searches and seizures and their Fourteenth Amendment right to family integrity.   (More Definite Statement [#8], at 7.)   The allegations arise out of the state law action brought by Child Protective Services, which resulted in the removal of their four children from their custody.   (Plaintiffs have two children together, and Bogard has two older children from a prior relationship.   Before removal by DFPS, all four children were in Plaintiffs' custody.)   By this lawsuit, Plaintiffs seek $140 million in damages, the return of their children, and a permanent injunction preventing future contact by the Defendants.   (Compl. [#5], at 5.)   Plaintiffs have also filed a separate Motion for an Ex-Parte Preliminary Injunction [#2], requesting the return of the children.   Plaintiffs' Complaint references numerous federal statutes, including 42 U.S.C. § 1983.

On July 24, 2019, Texas Department of Family and Protective Services ("DFPS") investigators, accompanied by Devine Police Officers, removed Plaintiffs' two youngest children

from their home.  (*Id.*, at 15.)  The removal of the two infants from Plaintiffs' home followed an investigation by DFPS.  The DFPS investigation was prompted by referrals from the hospitals that treated the two infants following their births due to the infants testing positive for amphetamines.  (Rec. of State Proceedings [#26-1], at 14–15.)[1]  Plaintiffs allege that they have not tested positive for any illegal substances during the course of the state proceedings but do not dispute the positive tests of the infants at birth.  (More Definite Statement [#8], at 14.)  DFPS was granted temporary custody of Bogard's two older children on August 27, 2019, following a state court hearing, which Bogard attended.  (Rec. of State Proceedings [#26-1], at 28.)

Plaintiffs filed this action, proceeding *pro se*, on January 11, 2021, requesting permission to proceed *in forma pauperis* ("IFP") due to their indigency.  On January 21, 2021, the undersigned granted Plaintiffs' motion to proceed IFP but ordered Plaintiffs to file a more definite statement on or before February 11, 2021, to clarify some identified deficiencies in their proposed Complaint.  (Order [#4].)  The Court's Order stated that there were likely jurisdictional issues that would bar this Court from exercising jurisdiction over all named Defendants and this family law matter in its entirety and listed specific questions to be answered by Plaintiffs with respect to their claims.  Plaintiffs filed an untimely response clarifying some aspects of their factual allegations [#8].

---

[1] When ruling on a motion to dismiss a court must primarily look at the allegations in the complaint but may "take into account documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 Fed. App'x. 408, 409 (5th Cir. 2013).  The exhibits attached to the motions to dismiss are court records or documents that were attached to and filed with court records, as such they are public records of which this Court may take judicial notice.  *See Lowe v. Hearst Communs., Inc.*, 487 F.3d 246, 249 n.3 (5th Cir. 2007) ("All [state] court records are presumptively available to the public").  The Court therefore takes judicial notice of the records in the proceedings before the 38th Judicial Court for their existence and of what statements they contain but not for the truth of their contents.

Following Plaintiffs' response, the undersigned submitted, and the Court adopted, a Report and Recommendation that certain Defendants be dismissed from the suit for lack of jurisdiction or for failure to state a claim upon which relief may be granted [#12, #29].  The case was permitted to proceed against the remaining Defendants: DFPS employees Christine Burciaga, Molly Daniel, Guadalupe H. Olivarez, Stephanie Kirkpatrick, and Kristy Knopps; Allen K. Lowe, II, attorney for DFPS; Kandy Benavides and Eziekel Perez of the Devine Police Department; Cindy Fowler, District Clerk for Medina County; and Kathleen Murray, guardian *ad litem* for Plaintiffs' children.  Subsequently, all Defendants have moved to dismiss Plaintiffs' claims.

## II. Legal Standards

Defendants' motions to dismiss seek dismissal for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Rules of Civil Procedure, and for failure to state a claim upon which relief may be granted, under Rule 12(b)(6) of the Rules of Civil Procedure.

### A.    Dismissal for Lack of Subject Matter Jurisdiction

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case.  Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court may consider any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented

by undisputed facts plus the court's resolution of disputed facts.  *Walch v. Adjutant Gen.'s Dep't of Tex.*, 533 F.3d 289, 293 (5th Cir. 2008).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, a court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.  *Ramming*, 281 F.3d at 161.  This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.  *Id.*  The court's dismissal of a plaintiff's case because the plaintiff lacks subject-matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

**B.**     **Dismissal for Failure to State a Claim**

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff.  *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Though a complaint need not contain "detailed" factual allegations, a plaintiff's complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (internal quotation marks omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Twombly*, 550 U.S. at 555; *Colony Ins. Co.*, 647 F.3d at 252.  Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).  Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

This Court is mindful that in evaluating the merits of Defendants' motion to dismiss, a *pro se* plaintiff's pleadings are viewed under a less stringent standard than those drafted by an attorney.  *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).  As a result, Plaintiffs' filings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from these pleadings.  *See id.*

### III. Analysis

After considering the arguments of the parties, the pleadings, and the governing law, the undersigned concludes that Plaintiffs cannot sue under the many criminal statues they invoke in their lawsuit because the statutes do not give rise to private causes of action.  And, as discussed below, Plaintiffs' Section 1983 claims must be dismissed due to lack of subject matter jurisdiction, Defendants' immunity from suit, and Plaintiffs' failure to state a claim.

### A.     Plaintiffs' Claims Under Criminal Statutes

Plaintiffs invoke a variety of criminal statutes, both federal and state, in their pleadings. (More Definite Statement [#8], at 2–3, 19–35.)  The criminal statutes Plaintiffs cite do not provide for a private right of action and so cannot form the basis of a civil suit against any of the Defendants.  *See Chaney v. Races & Aces*, 590 Fed. App'x 327, 330 (5th Cir. 2014) (affirming the dismissal of claims brought pursuant to criminal statutes that do not provide for a private

right of action).  The undersigned therefore recommends that any asserted claims under these statutes be dismissed.

**B.      Plaintiffs' Claims for Equitable Relief**

Several of the Defendants argue that Plaintiffs' suit is barred by the *Rooker-Feldman* doctrine, which takes its name from the Supreme Court's decisions in *Rooker v. Fidelity Trust*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  (*See* Mot. to Dismiss [#19], at 10; Mot. to Dismiss [#26], at 2.)  The *Rooker-Feldman* doctrine bars federal district court review of final state court judgments.  *Del-Ray Battery Co. v. Douglas Battery Company*, 635 F.3d 725, 729 (5th Cir. 2011).  Both Defendants and Plaintiffs' filings represent that the state proceedings regarding Plaintiffs' children were ongoing at the time Plaintiffs filed this lawsuit and that they remain pending.  (Mot. to Dismiss [#20], at 5; Mot. to Dismiss [#26], at 6; Response [#27], at 145.)  Because the state proceedings were ongoing at the time Plaintiffs filed this suit, *Rooker-Feldman* does not serve as a bar to this suit.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (holding that *Rooker-Feldman* applies only where the federal proceeding is filed *after* the state proceedings have concluded).  Instead, a different abstention doctrine is implicated.

Under the *Younger* abstention doctrine, federal courts must abstain from exercising jurisdiction over requests for equitable relief based on constitutional challenges to pending state proceedings.[2]  *Rickhoff v. Willing*, 457 Fed. App'x. 355, 358 (5th Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  The purpose of *Younger* abstention is to "avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted."  *Younger*, 401 U.S. at 44.  Abstention is required when "(1) there is an ongoing state

---

[2] Although not all Defendants raised the *Younger* doctrine in their motions, the Court must consider jurisdictional issues *sua sponte* if not raised by the parties.  *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990).

proceeding that is judicial in nature; (2) the state has an important interest in regulating the subject matter of the claim; and (3) there is an adequate opportunity in the state proceeding to raise the constitutional challenges."  *Rickhoff*, 457 Fed. App'x. at 358.

The first prong for abstention under the *Younger* doctrine is satisfied here; this dispute involves an ongoing state judicial proceeding.  Plaintiffs and Defendants have both repeatedly cited the ongoing state proceedings concerning the custody of Plaintiffs' children.  (Compl. [#5] at 4; More Definite Statement [#8], at 11–34; Mot. to Dismiss [#20], at 5; Mot. to Dismiss [#26], at 6; Response [#27], at 145.)   Plaintiffs ask this Court to interfere in those proceedings by ordering return of the children to Plaintiffs and enjoining Defendants from future interaction with Plaintiffs' family.  (More Definite Statement [#8], at 11; Compl. [#5], at 5.)

The second prong for abstention is also satisfied; family, child welfare, and child custody issues are important state interests.  *Moore v. Sims*, 442 U.S. 415, 434 (1979); *see also Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) ("[I]n general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (noting that abstention principles are relevant when cases involve elements of the domestic relationship that present "difficult questions of state law bearing on policy problems of substantial public import"); *Mansell v. Mansell*, 490 U.S. 581, 587 (1989) ("[D]omestic relations are preeminently matters of state law.").

Finally, the third prong is satisfied.  In the context of *Younger* abstention, "abstention is appropriate unless state law clearly bars the interposition of the constitutional claims."  *Moore*, 442 U.S. at 425-26.  In *Moore*, the plaintiffs' children were removed from their custody and temporary custody was given to the Texas Department of Public Welfare.  *Id.* at 420.  The plaintiffs in that case appeared in state court and could have raised their constitutional challenges

in that forum.  *Id.*  Instead, while the custody issue was pending in state court, the plaintiffs filed suit in federal court challenging the constitutionality and application of Texas's family laws in the removal of their children.  *Id.* at 421.  The Supreme Court held that, because the plaintiffs could have raised their constitutional concerns in the state court proceedings, the *Younger* doctrine applied, and the federal court was required to abstain from exercising jurisdiction.  *Id.* at 425–426.

Similarly, here, Plaintiffs' children were removed from their custody due to the state's concerns for the safety of the children.  (Rec. of State Proceedings [#26-1], at 13–16.)  A state court judge awarded temporary custody to the Texas Department of Family and Protective Services.  (*Id.*, at 18–23.)   Plaintiffs have had the opportunity to appear in state court and, in fact, have participated in the state court custody proceedings.  (More Definite Statement [#8], at 16–18; Rec. of State Proceedings [#26-1], at 26, 41, 45, 56, 60, 71, 83.)  Plaintiffs have not identified any procedural barrier that would prevent them from raising their constitutional concerns in state court; the record indicates that Plaintiffs filed motions and were provided the opportunity to testify in the state court proceedings.  (Rec. of State Proceedings [#26-1], at 42; More Definite Statement [#8], at 16.)  Just as in *Moore*, "the only pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims, and Texas law appears to raise no procedural barriers."  *See Moore v. Sims*, 442 U.S. at 430.

Thus, Plaintiffs' claims for equitable relief are precluded by the *Younger* abstention doctrine.  The undersigned therefore recommends dismissal of the equitable claims seeking the return of Plaintiffs' children and an injunction preventing DFPS from future contact with Plaintiffs' family.

**C.      Plaintiffs' Claims for Monetary Relief**

Plaintiffs also plead monetary damages in the amount of $140 million dollars.   The *Younger* doctrine does not apply to suits for money damages.   *Saloom v. Tex. Dep't of Family & Child Protective Servs.*, 578 Fed. App'x. 426, 429 (5th Cir. 2014).   However, as discussed below, the monetary claims against all Defendants nevertheless should be dismissed.

1.      <u>Monetary claims against DFPS Defendants should be dismissed.</u>

Plaintiffs' More Definite Statement clarifies that they are asserting Section 1983 claims against various DFPS employees—Christiana Burciaga, Molly Daniel, Guadalupe H. Olivarez, Stephanie Kirkpatrick, and Kristy Knopps (together, "the DFPS Defendants")—and their attorney, Allen K. Lowe.      The Court authorized service on Burciaga, Daniel, Olivarez, Kirkpatrick, and Knopps in their official capacity only.  (R. & R. [#12], at 13).  The Court also permitted service of Lowe, who Plaintiffs have sued in his official and individual capacities.  (*Id*. at 16.).  In their Motion to Dismiss [#26], the DFPS Defendants and Lowe argue that they are protected from suit in their official capacity by the Eleventh Amendment.  Lowe also invokes the defense of absolute prosecutorial immunity for claims against him in his individual capacity.

Plaintiffs' response to the motion to dismiss does not address any of the arguments raised in the motion filed by the DFPS Defendants and Lowe and merely repeats the allegations in Plaintiffs' More Definite Statement.[3]  After reviewing Plaintiffs' pleadings and the motion, the undersigned finds that Plaintiffs' claims against the DFPS Defendants and Lowe in their official

---

[3] Plaintiffs filed a document entitled "Motion to Quash All Wrongdoers Motion to Dismiss" [#27], which the undersigned construes as a response to the pending motions to dismiss.  This response is 168 pages in length, and most of those pages are devoted to citing various unrelated quotes from legal documents and the Bible.  The Local Rules limit the length of Responses to 20 pages, unless otherwise authorized by the Court.  Local Rule CV-7.  Here, Plaintiffs did not request, nor were they granted, leave to exceed the page limit.

capacities are barred by the Eleventh Amendment, and Lowe is entitled to absolute prosecutorial immunity on the claims against him in his individual capacity.

> i.   *The Eleventh Amendment bars Plaintiffs' monetary claims against the DFPS Defendants and Lowe in their official capacities.*

As is noted in the previous Report and Recommendation issued by the undersigned, suits for monetary relief against the employees of state agencies in their official capacity are barred by the Eleventh Amendment. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("Sovereign immunity is the privilege of the sovereign not to be sued without its consent."). Plaintiffs concede that Defendants Burciaga, Daniel, Olivarez, Kirkpatrick, and Knopps are employees of DFPS, and Lowe is an attorney who represents DFPS. Defendants Burciaga, Olivarez, and Knopps are DFPS investigators. (More Definite Statement [#8], at 19, 22, 24.) Defendant Daniel is a DFPS supervisor; Defendant Kirkpatrick is a DFPS caseworker; and Defendant Lowe is an attorney employed by the State of Texas and assigned to represent DFPS in court proceedings. (*Id.* at 20, 23, 27.)  The Fifth Circuit has held that child protective services employees are state employees entitled to Eleventh Amendment immunity. *Thomas v. Tex. Dep't of Family & Protective Servs.*, 427 Fed. App'x. 309, 312 (5th Cir. 2020); *Stem v. Ahearn*, 908 F.2d 1, 4 (5th Cir. 1990).  And clearly, Lowe, an employee of the State of Texas, would be entitled to Eleventh Amendment immunity on Plaintiffs' official capacity claims. *See Harris v. Ashby*, 45 Fed. App'x 325, 325 (5th Cir. 2002) (holding that attorneys who are state employees representing state agencies are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacity).  Therefore, because the DFPS Defendants and Lowe are immune under the Eleventh Amendment from Plaintiffs' official capacity claims for monetary damages, Plaintiffs' claims for monetary relief against them should be dismissed.

ii.   *Plaintiffs' monetary claims against DFPS Defendant Lowe in his individual capacity are barred by the doctrine of prosecutorial immunity.*

Plaintiffs also assert Section 1983 claims against Defendant Lowe in his individual capacity.  (More Definite Statement [#8], at 7.)  Specifically, Plaintiffs allege Lowe engaged in malicious prosecution, failed to file a bid bond,[4] falsified documents, lied under oath, committed a fraud on the court, and conspired to deprive Plaintiffs of their rights of custody and care of their children.  (*Id.* at 27.)  Lowe invokes the defense of absolute prosecutorial immunity.   (Mot. to Dismiss [#26], at 14.)

Prosecutors have absolute immunity from civil liability in suits brought pursuant to Section 1983 for actions taken within the scope of their work in representing the State.  *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976).  This absolute immunity protects a prosecutor from all liability stemming from his activities as an advocate in the judicial process, i.e., "in deciding which suits to bring and in conducting them in court."  *Id.* at 424.  Absolute immunity protects prosecutors from liability even when they act "maliciously, wantonly or negligently."  *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985).  Absolute immunity, however, does not protect prosecutors from liability when they act outside of their role as an advocate in the judicial process, for instance, when they engage in administrative or investigative acts.  *Burns v. Reed*, 500 U.S. 478, 493 (1991).

Plaintiffs' allegations against Lowe are insufficient to overcome the defense of prosecutorial immunity.  The specific conduct Plaintiffs cite as support for their allegations are that Lowe raised his voice toward Plaintiffs, requested a continuance from the state court judge, informed Bogard that the Fifth Amendment did not apply to a question she was asked in state

---

[4] A bid bond is a "bond filed in public *construction projects* to ensure that the bidding contractor will enter into the contract."  BOND, Black's Law Dictionary (11th ed. 2019) (emphasis added).  Bid bonds are wholly inapplicable to the present case concerning alleged civil rights violations.

court, and obtained Bogard's medical records for use in court without her consent.   (More Definite Statement [#8], at 16–17.)  Each of the allegations concern Lowe's actions in his role as an advocate representing the State in the judicial process and therefore cannot serve as the basis of his liability.

Even if some of the allegations against Lowe could be construed as acts falling outside of his role as advocate, such as the allegations of fraud and conspiracy, these allegations are too conclusory to show that Lowe allegedly engaged in actions that would fall outside of the protections afforded by his prosecutorial immunity.   Plaintiffs do not specify what documents were falsified, what false statements were made under oath, or what actions by Lowe were undertaken in furtherance of a conspiracy.  *See* Fed. R. Civ. P. 9(b) (plaintiffs who assert fraud claims must state with particularity the facts supporting allegations of fraud).   Plaintiffs' remaining allegations against Lowe do not address any specific conduct and instead parrot the allegations against several other Defendants, including those previously dismissed from this case.   (*See* More Definite Statement [#8], at 19, 21, 22, 24, 28, 29, 31, 33, 34.)  The only allegations in Plaintiffs' pleadings that concern Lowe specifically describe conduct protected by his absolute prosecutorial immunity.  Therefore, Plaintiffs' claims for monetary relief against Defendant Lowe in his individual capacity should be dismissed as well.

Because the undersigned has concluded that all of the monetary claims against the DFPS Defendants and Lowe are barred by Eleventh Amendment or prosecutorial immunity, the undersigned need not, and has not, addressed the other issues raised in the motion to dismiss filed by these defendants.

    2.  <u>Plaintiffs' monetary claims against the Devine Defendants should be dismissed.</u>

Plaintiffs' More Definite Statement asserts a Section 1983 claim against the City of Devine Police Chief Kandy Benavides and Police Officer Eziekel Perez in both their official and

individual capacities.   Together, Benavides and Perez are referred to in this Report and Recommendation as "the Devine Defendants."   In their motion to dismiss, the Devine Defendants argue that the claims against them in their official capacity should be dismissed for failure to state a claim upon which relief may be granted.  (Mot. to Dismiss [#23], at 3.)  With regard to the individual capacity claims, the Devine Defendants invoke the defense of qualified immunity.  (*Id.*)  The undersigned agrees with the Devine Defendants.

The official capacity claims against the police chief and the officer are essentially claims against the City of Devine.  *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) ("Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent.") (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978)).  To hold a municipality liable under Section 1983, in addition to the underlying claim of a violation of constitutional rights, there must be a policymaker, an official policy or custom, and the policy or custom must be the "moving force" behind the violation.  *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).  Plaintiffs' claims against the Devine Defendants in their official capacity fail because they have not pleaded that any custom, practice, or policy of the City of Devine was the moving force behind the alleged constitutional violation.

Qualified immunity shields federal and state officials from liability for monetary damages.  To overcome qualified immunity a plaintiff must pleads facts showing both (1) that the official violated a statutory or constitutional right, and (2) that the right allegedly violated was "clearly established" at the time of the alleged violation.  *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Lower courts have

discretion to decide which of the two prongs of qualified-immunity analysis to tackle first.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

In the context of a qualified immunity analysis, the facts are construed in the light most favorable to the party asserting the injury.  *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  A right is clearly established for purposes of the second prong of the qualified-immunity analysis if it would be clear to a reasonable official, at the time of the challenged conduct, that his or her conduct violated the statutory or constitutional right at issue.  *Saucier*, 533 U.S. at 206.  At the motion-to-dismiss stage, as here, plaintiffs invoking Section 1983 must plead "specific facts that, if proved, would overcome the individual defendant's immunity defense."  *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 620 (5th Cir. 1992) (internal quotation and citation omitted).  In other words, in order to rebut the qualified immunity of the Devine Defendants, Plaintiffs' Complaint and More Definite Statement must allege facts that, when viewed in the light most favorable to Plaintiffs, if ultimately proved, would show that the conduct of the Devine Defendants violated a clearly established constitutional right of Plaintiffs.  *See Saucier*, 533 U.S. at 201.

Plaintiffs' response to Defendants' motions to dismiss [#27] does not address the issue of qualified immunity raised in the Devine Defendants' motion to dismiss.  Having considered the arguments in the Devine Defendants' motion to dismiss against the allegations in Plaintiffs' Complaint and More Definite Statement, the undersigned finds that the Devine Defendants are entitled to qualified immunity.

Plaintiffs' More Definite Statement alleges that the Devine Defendants removed Plaintiffs' two youngest children from their home without a court order and threatened Plaintiffs with arrest and that they did so without probable cause or a warrant.  (More Definite Statement

[#8], at 25–26.)  Specifically, Plaintiffs allege that, while they were told that there was a court order directing the surrender of their children, when they asked to see the order, they were handed an affidavit and not a court order.  (*Id.* at 15.)  Plaintiffs further allege that their two youngest children were removed at 10:30 a.m. on July 24, 2019, and the court order authorizing their removal was not filed until 1:32 p.m. that same day.  (*Id.* at 16.)  Plaintiffs also allege that the Devine Defendants threatened to arrest them in order to coerce them into handing over their children.  The Devine Defendants argue that they were only present at the scene in order to keep the peace while DFPS executed the court order for removal of the two children, and that because their actions in doing so were objectively reasonable they are protected from suit by qualified immunity.

The undersigned agrees with the Devine Defendants; Plaintiffs' allegations, even if ultimately proven, would not establish that Defendants violated a clearly established constitutional right of Plaintiffs.  Personal involvement is an essential element of a Section 1983 claim.  *Thomson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  Plaintiffs' More Definite Statement does not allege that the Devine Defendants were personally involved; instead, Plaintiffs allege that DFPS investigators directed them to hand over their two youngest children; that DFPS investigators asserted they had a court order; and that DFPS investigators removed the children. (More Definite Statement [#8], at 14–15.)  While the Devine Defendants were present throughout, the only allegation regarding the officers' actions is that they threatened the Plaintiffs with arrest if they did not comply with the DFPS investigators' directives.  *Id.*

A mere threat of arrest is insufficient to overcome the defense of qualified immunity.  *See Ristow v. Hansen*, 719 Fed. App'x. 359, 367 n.17.  The Devine Defendants were present to assist the DFPS investigators.  "Officers assisting social workers in the removal of children may

16

reasonably rely on [the child welfare agency's] assessment of the situation." *Romero v. Brown*, 937 F.3d 514, 524 (5th Cir. 2019) (internal quotations omitted) (alterations in original).  Here, the DFPS investigators had at the very least prepared a petition for court order with a supporting sworn affidavit; there was an ongoing child abuse investigation prompted by positive meconium drug tests at the birth of the two children being removed; and there had been three home visits in the five days preceding removal.  (More Definite Statement [#8], at 14; Rec. of State Proceedings [#26-1], at 14–15.)  The officer's reliance on the DFPS investigators' representations and judgment was not clearly unreasonable.  *See Romero*, 937 F.3d at 524 (finding that even absent a court order officer's reliance on DFPS's investigation was reasonable).  The Devine Defendants are entitled to qualified immunity.

      3.  <u>Plaintiffs' monetary claims against Cindy Fowler should be dismissed.</u>

Plaintiffs' More Definite Statement asserts a Section 1983 claim against Cindy Fowler, Medina County District Clerk, in both her official and individual capacities.  (More Definite Statement [#8], at 26).  In her motion to dismiss, Fowler argues that Plaintiffs fail to allege sufficient facts to state a claim against her in her official capacity, and she invokes the defense of qualified immunity from suit for claims against her in her individual capacity.  (Mot. to Dismiss [#20], at 9, 13.)  Again, Plaintiffs have not addressed any of the issues raised in Fowler's Motion to Dismiss in their response to the pending motions [#27].  The undersigned agrees with Fowler that the claims against her in her official capacity should be dismissed for failure to state a claim upon which relief may be granted and she is protected from suit in her individual capacity by qualified immunity.

Plaintiffs' suit against Fowler in her official capacity is a suit against her employer; thus, because Fowler is the Medina County District Clerk, Plaintiffs' official capacity claims against Fowler are essentially claims against Medina County.  *See Burge*, 187 F.3d at 466.  To hold the

county liable under Section 1983, Plaintiffs must allege that a custom, practice, or policy of the county was the driving force behind the alleged constitutional violation.  *Cox*, 430 F.3d at 748; *Piotrowski*, 237 F.3d at 578.  Plaintiffs have alleged no official policy or custom on the part of Medina County that violated their constitutional rights.  As such, Plaintiffs have failed to plead sufficient facts to state a claim for relief against Fowler in her official capacity.  Thus, Plaintiffs' claims against Fowler in her official capacity should be dismissed.

Plaintiffs' individual-capacity claims against Fowler are barred by qualified immunity. Plaintiffs' Section 1983 claim alleges that the removal of their children violated Plaintiffs' Fourth Amendment right against unreasonable searches and seizures and their Fourteenth Amendment right to family integrity.  (More Definite Statement [#8], at 7.)  Plaintiffs' More Definite Statement alleges that the Fowler signed fraudulent documents without personal knowledge, rubber stamped documents, instructed another clerk to sign her name, and destroyed filed documents.  (More Definite Statement [#8], at 26.)  These allegations all concern actions taken by Fowler in her official capacity as Medina County District Clerk.  Nor do Plaintiffs articulate how any of Fowler's alleged actions violated Plaintiffs' Fourth or Fourteenth Amendment rights.  Even assuming Plaintiffs' allegations are true, the allegations against Fowler do not suggest that she was directly involved in the acts that allegedly violated Plaintiffs' constitutional rights—the removal of their children.  *See Thomson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (stating that personal involvement is an essential element of a Section 1983 claim).  Plaintiffs have not pleaded a plausible claim that Fowler violated their clearly established constitutional rights, and she is therefore entitled to qualified immunity on all of Plaintiffs' individual-capacity claims.

Because all of Plaintiffs' claims against Fowler should be for failure to state a claim and due to qualified immunity, the undersigned need not, and has not, addressed the other issues raised in the Fowler's motion to dismiss.

4.  Plaintiffs' monetary claims against Kathleen Murray should be dismissed.

Plaintiffs' More Definite Statement asserts a Section 1983 claim against Defendant Kathleen Murray, the court appointed guardian *ad litem* for Plaintiffs' children, in both her official and individual capacities.  (More Definite Statement [#8], at 29.)  Murray has moved for dismissal for failure to state a claim on several grounds, including that she is not a state actor and therefore cannot be sued pursuant to Section 1983.  (Mot. to Dismiss [#19], at 10.)  Plaintiffs' response to that motion repeats many of the same allegations made in the More Definite Statement and focuses on the actions of DFPS and the ongoing state court proceedings rather than addressing the issues raised in Murray's Motion to Dismiss.  (Resp. [#22].)  Murray's motion to dismiss should be granted.

As the undersigned noted in the prior Report and Recommendation, guardians *ad litem*, though state-appointed, are not state actors so cannot generally be subject to liability under Section 1983.  *See Hall v. Dixon*, CIV A. H 09-2611, 2010 U.S. Dist. LEXIS 105021, 2010 WL 3909515, at *40-41 (S.D. Tex. Sept. 30, 2010) (collecting cases); *See also Johnson ex rel. Wilson v. Dowd*, 305 Fed. App'x 221, 224 (5th Cir. 2008) (affirming district court's decision that guardian was not state actor when she only participated in court proceedings, complied with court orders, and acted within her discretion as guardian to continue housing plaintiff in assisted living facility).  Private actors, however, can face liability for conspiring with state actors under Section 1983.  *Phillips v. Vandygriff*, 711 F.2d 1217, 1225 (5th Cir. 1983).

Here, Plaintiffs allege that Murray conspired with others to deprive them of their children in violation of the Fourth and Fourteenth Amendments.  (More Definite Statement [#8], at 29.)

The only supporting factual allegation Plaintiffs make about Murray's actions, however, is that she was unopposed to a continuance granted by the state court judge.[5]  (*Id.* at 16.)  Plaintiffs' allegations only serve to establish that Murray participated in court proceedings, complied with court orders, and performed the duties of a guardian *ad litem*.  Additionally, Plaintiffs provide no factual allegations to support their conclusory accusation that Murray was part of a conspiracy, such that the claims against her under Section 1983 could proceed.  Therefore, Plaintiffs have failed to state a claim against Murray.

Because Murray's motion to dismiss should be granted for failure to state a claim, the undersigned need not, and has not, addressed the other issues raised in Murray's motion to dismiss.

**D.**     **Plaintiffs' Motion for Injunction and Motions for Writ of Attachment**

Plaintiffs have also filed a Motion for an Ex-Parte Preliminary and Permanent Injunction [#2], Motion for Writ of Attachment and Habeas Corpus [#28], and Notice for Writ of Attachment and Visitation [#36], all of which request the return of their children.  Because the undersigned is recommending that Defendants' motions to dismiss be granted and that all of Plaintiffs' claims be dismissed in this case, the undersigned also recommends that Plaintiffs' pending motions be dismissed as moot.

## IV. Conclusion and Recommendation

Having considered the motions before the Court, the responses and replies thereto, Plaintiffs' pleadings, and the governing law, the undersigned recommends that Plaintiffs' lawsuit

---

[5] Plaintiffs' More Definite Statement contains additional general conclusory allegations that repeat verbatim the allegations against several other Defendants, including some previously dismissed from this case.  None of these general allegations appear to concern Defendant Murray's actions and are instead focused on the actions of DFPS in removing Plaintiffs' children.  (*See* More Definite Statement [#8], at 19, 21, 22, 24, 28, 29, 31, 33, 34.)

be **DISMISSED** and specifically that the following motions be **GRANTED** for the reasons set forth above:

- the Motion to Dismiss filed by Defendants Christina Burciaga, Molly Daniel, Guadalupe H. Olivarez, Stephanie Kirkpatrick, Kristy Knopp, and Allen K. Lowe [#26];

- the Motion to Dismiss filed by Defendants Kandy Benavides and Ezekiel Perez [#23];

- the Motion to Dismiss filed by Defendant Cindy Fowler [#20]; and

- the Motion to Dismiss filed by Defendant Kathleen Murray [#19].

The undersigned further recommends that Plaintiffs' Motion for a Preliminary and Permanent Injunction [#2], Motion for Writ of Attachment and Habeas Corpus [#28], and Notice for Writ of Attachment and Visitation [#36] be **DISMISSED AS MOOT**.

## V.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*,

474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 6th day of April, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE